UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STEWART and TAMMY O'CONNOR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1731-B |
| ATHERIO INC, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Modify the Scheduling Order. Doc. 82. For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion.

## I.

## BACKGROUND

The Court issued a Scheduling Order in this case on January 19, 2017, which provided the parties with the following relevant deadlines: (1) December 28, 2017 to amend pleadings, (2) January 26, 2018 for Plaintiffs to designate experts and February 26, 2018 for Defendants to designate experts, (3) April 27, 2018 for the parties to complete mediation, (4) May 28, 2018 for the parties to complete discovery, (5) June 26, 2018 for the parties to file dispositive motions, (6) July 26, 2018 for the parties to object to experts, and (7) a trial date of September 24, 2018. Doc. 26, Scheduling Order, 1. In the parties' Joint Status Report, they agreed the case is subject to the Private Securities Litigation Reform Act, which required discovery to be stayed until resolution of Defendants' then-pending motion to dismiss. Doc. 23, Joint Status Report, 6; 15 U.S.C. § 78u-4(b)(3)(B). Thus,

discovery was stayed until August 14, 2017, when the Court resolved Defendants' motion to dismiss. Doc. 33, Order.

Plaintiffs filed an amended complaint in September 2017. Doc. 37, Am. Compl. In November 2017, then-counsel for Defendant Mark Dinkel filed a motion to withdraw. Doc. 44, Mot. to Withdraw. On December 7, 2017, while the motion to withdraw was pending, Mr. Dinkel's counsel filed an answer to Plaintiffs' amended complaint. Doc. 48, Answer. The Court granted Mr. Dinkel's counsel's motion to withdraw on January 19, 2018, Doc. 61, Order, at which point Mr. Dinkel proceeded pro se until he retained new counsel on March 7, 2018. *See* Docs. 74, 75, Notices of Appearance.

Defendants now ask the Court to extend the past and future deadlines in the Scheduling Order by six months. Doc. 82, Mot. to Modify, 1. Plaintiffs object. Doc. 84, Resp. The Court exercises its discretion to rule on the motion before Defendants' reply brief is due because it finds a reply brief unnecessary to resolution of the motion. *See* N.D. Tex. Civ. R. 7.1(f); *Siesta Vill. Mkt., LLC v. Perry*, No. 3:06-CV0585-D, 2006 WL 1880524, at *1 n.1 (N.D. Tex. July 7, 2006); *Soloman v. Goodwin & Carlton, P.C.*, 898 F.Supp. 415, 416 n.2 (N.D. Tex. 1995).

## II.

## LEGAL STANDARD

Motions to modify a court's scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) instructs that " [a] Schedule may be modified only for good cause and with the judge's consent." "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks

omitted). Courts consider four factors in assessing good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

## III.

## ANALYSIS

Defendants seek to modify the past deadlines for the parties to amend pleadings and designate experts, and future deadlines for completion of mediation, completion of discovery, and all other pre-trial deadlines. Doc. 82, Mot. to Modify, 7–8. Defendants explain that good cause exists for their proposed extensions because the long stay of discovery compressed the Scheduling Order deadlines into an unworkably short time period and because, as a pro se litigant, Mr. Dinkel could not meaningfully participate in discovery. *Id.* at 7. They argue their proposed amendments are important because modifying earlier deadlines necessitates moving later deadlines to create a workable schedule, and providing Mr. Dinkel more time to prepare his case "facilitates the effective and efficient prosecution of the case." *Id.* at 9. Finally, they argue that modifying the scheduling order would not prejudice Plaintiffs because Plaintiffs will also have more time to prepare their case, but denying modification would prejudice Mr. Dinkel. *Id.* at 9–10.

Plaintiffs respond that "the absence or change of counsel is an insufficient basis to resurrect deadlines," Doc. 84, Resp., 4, and the discovery stay does not explain how the Defendants are unable to meet future deadlines, *id.* at 5–6. They argue that allowing the parties more time to develop their arguments is not an important reason to modify deadlines because that would render scheduling orders meaningless since "more time always allows greater ability to fully develop the case." *Id.* at 9.

Finally, Plaintiffs argue that they would be prejudiced by extending the deadlines in this case because that would increase litigation costs, which are covered by defendants' insurance policy. *Id*. at 8. And if the insurance policy is used to cover additional litigation costs, this decreases the amount available for Plaintiffs' potential recovery. *Id*.

The Court will examine the parties' arguments pertaining to the past and future deadlines separately.

A.      *Past Deadlines to Amend Pleadings and Designate Experts*

The Court agrees that Defendants have not shown good cause to amend the past deadlines. First, Defendants' explanations for their inability to meet the deadlines are unconvincing. Although Mr. Dinkel's counsel's motion to withdraw was pending, all Defendants were represented by counsel when the deadline to amend pleadings passed on December 28, 2017. Mr. Dinkel's counsel filed an answer to Plaintiff's amended complaint while their motion to withdraw was pending, so the Court sees no reason why should they could not have also filed an amended pleading during that time. And although Mr. Dinkel was pro se when the deadline to designate experts passed on February 26, 2018, his pro se status does not entitle him to revive missed deadlines. Pro se litigants must abide by the Federal Rules of Civil Procedure, and the Court warned Mr. Dinkel that as a pro se litigant he would be responsible for "knowing all the procedural moves and nuances" in the case, Doc. 72, Mot. to Withdraw Tr., 4:16–20.

Nor does the discovery stay establish good cause to amend the past deadlines. The parties agreed in January 2017 that discovery would be stayed pending resolution of Defendants' motion to dismiss. Doc. 23, Joint Status Report, 6. In the Joint Status Report, the parties requested six months to complete fact discovery, ten months to complete expert discovery, and thirty days to amend

pleadings after resolution of the motion to dismiss. *Id.* at 8. The dates in the Court's Scheduling Order gave the parties a little more than nine months to complete discovery and more than four months to file amended pleadings after the Court resolved the motion to dismiss. Thus, Defendants cannot rely on an "unexpectedly long stay of discovery," Doc. 82, Resp., 7, to explain their failure to meet past deadlines. If Defendants found the Scheduling Order deadlines unworkable once discovery commenced, they could have moved to amend the deadlines at that time, but they did not. Further, Plaintiffs met the deadline to amend pleadings and designate experts, and all defendants except Mr. Dinkel met the deadline to designate experts, which evinces that the Scheduling Order deadlines were not unworkable.

Second, Defendants have not demonstrated that the proposed amendments to past deadlines are important. Although the Court agrees that moving earlier deadlines in the Scheduling Order might necessitate moving later deadlines to maintain a workable schedule, this concern is inapplicable if earlier deadlines are not amended. Nor does the Court find Mr. Dinkel's failure to meet past deadlines an important enough reason to amend those deadlines. As explained above, Mr. Dinkel does not provide a persuasive reason for failing to timely amend his pleadings or designate experts.

Finally, the Court finds that Plaintiffs would be prejudiced by reviving past deadlines that could potentially significantly extend the litigation simply because Mr. Dinkel and his prior counsel failed to meet those deadlines. And continuing the trial date could not cure this prejudice.

B.      *Future Deadlines to Complete Mediation, Discovery, and other Pretrial Deadlines*

The Court does not find the discovery stay a persuasive explanation for extending future deadlines either. And Plaintiffs point out that Defendants do not identify specific discovery that they

will be unable to obtain by the deadline on May 28. Doc. 84, Resp., 7. But Plaintiffs and Defendants agree that at least seven depositions still need to be taken in this case. *Id*. at 6; Doc. 82, Mot. to Modify, 8. Because of the number of depositions that remain and because Mr. Dinkel's current counsel is recently appointed, the Court does not believe discovery could reasonably be completed by the May 28 deadline or that the parties could be prepared to mediate productively by the April 27 mediation deadline.

Plaintiffs appear to realize these circumstances warrant extension of the deadlines for mediation and discovery completion but urge the Court to keep the other pretrial deadline even if it extends mediation and discovery deadlines. *See* Doc. 84, Resp., 10 ("Plaintiffs believe that the only possibly necessary extensions are of mediation and discovery.") But the Court agrees with Defendants that if it extends the deadlines for mediation and discovery, the remaining deadlines in the Scheduling Order would become unworkable.[1]  Thus, because extension of the mediation and discovery deadlines is warranted, the Court finds that it is necessary to extend the other pretrial deadlines too.

The Court realizes that extending the future deadlines in this case will likely increase litigation costs for all parties and that this may prejudice Plaintiffs. Because of the reasons explained above, however, the Court finds modification of the future deadlines in the Scheduling Order appropriate. But the Court will extend the Scheduling Order deadlines by only three months, not six as Defendants request.

---

[1]Plaintiffs contend that the June 26 dispositive-motion deadline "is little more than a formality" because they have already filed a motion for summary judgment on what they believe is the only issue that could be decided at summary judgment. Doc. 84, Resp., 6 n.4. To determine if this is true, the Court would need to examine the merits of the parties' claims, which it declines to do at this time.

The discovery deadline, trial date, and other critical dates are reset as follows:

| | |
|---|---|
| Deadline for Expert Objections (¶ 4 d) | October 26, 2018 (but not before Dispositive Motions deadline) |
| Deadline for Completion of Mediation (¶ 6) | July 27, 2018 |
| Deadline for Dispositive Motions (¶ 3) | September 26, 2018 |
| Deadline for Completion of Discovery (¶ 5) | August 28, 2018 |
| Deadline for Pretrial Disclosures and Objections (¶ 7) | November 9, 2018 Objections due 14 days thereafter |
| Deadline for Pretrial Materials (pretrial order etc.) (¶ 8) | December 10, 2018 |
| Exchange of Exhibits (¶ 9) | Two days prior to the pretrial conference |
| Pretrial Conference (¶ 11) | January 4, 2019 at 10:00 AM |
| Trial Date (¶ 1) | January 7, 2019 |

With the exception of the changes noted above, all requirements in the Court's original Scheduling Order, Doc. 26, remain in effect. The parties should consult the original Scheduling Order for any questions about what each of these deadlines and events entails.

**SO ORDERED.**

**Dated: April 19, 2018**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE