UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STEWART and TAMMY O'CONNOR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1731-B |
| ATHERIO INC, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jason Cory's Motion for Leave to Amend Pleadings. Doc. 67. For the reasons stated below, Defendant's Motion is **GRANTED.**

## I.

## BACKGROUND[1]

In June 2016, Plaintiffs filed suit alleging that Defendants fraudulently induced Plaintiffs into selling their company to Atherio Inc. (Atherio) by making material misrepresentations about Atherio and its board of directors, including former CEO, Defendant Cory. Doc. 1, Compl., ¶¶ 61–62, 65–66, 69, 77, 80, 83. Cory's original answer included an affirmative defense of release from Plaintiffs' claims based on a provision of the Omnibus Compromise Release Agreement (Agreement) executed by Cory and Atherio when Cory was removed as CEO. Doc. 9, Orig. Answer, ¶ 112; Doc. 81, Resp., 4. Cory claimed Plaintiffs were bound by the Agreement even though they did not sign it. Doc. 67,

---

[1]The Court draws its factual history from the parties' pleadings and briefing on the motion. Any contested fact is identified as the contention of a particular party.

- 1 -

Mot. to Amend, 2. But soon after, Cory filed an amended answer and withdrew his release defense because Plaintiffs represented that they were unaware of the Agreement at the time it was executed. *Id.* at 2–3. In January 2017, the Court issued a scheduling order, setting December 28, 2017 as the deadline to amend pleadings. Doc. 26, Scheduling Order, at 1. In February 2018, Cory filed the present motion seeking leave to file an amended answer re-asserting his release defense and adding a breach-of-contract counterclaim. Doc. 67, Mot. to Amend, 5. Cory alleges he discovered information after the December 28, 2017 deadline indicating Plaintiffs were aware of the Agreement at the time it was signed and are therefore bound by it. *Id.* at 4. Cory's motion is ripe for review.

## II.

## LEGAL STANDARD

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *S & W Enters., L.L.C. v. So. Tr. Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order should not be modified unless there is a showing of good cause. Fed. R. Civ. P. 16(b)(4).

Fifth Circuit courts consider four factors to determine whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., L.L.C.*, 315 F.3d at 536 (quotations and alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Ball*, No. 3:03-CV-0256, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline and the absence of

prejudice to the opposing side are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).

If a party establishes good cause under Rule 16, the Court then considers whether the amendment should be allowed under Rule 15's more liberal standard. *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4. Rule 15 provides the Court discretion to grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Mkts., L.L.C.*, No. Civ. A. 3:02-CV-0239-P, 2003 WL 21350210, at *3 (N.D. Tex. June 10, 2003). "In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

## III.

## ANALYSIS

Because Cory filed his motion to amend after the Court entered a scheduling order and the deadline to file amended pleadings passed, the Court first considers each Rule 16 factor to determine whether Cory has established good cause, and then whether the amendment should be allowed under Rule 15.

### A. *Rule 16 Factor One: Explanation for Failure to Timely Move*

Cory explains that he did not timely move to amend his answer because he discovered that Plaintiffs knew of, and are therefore bound by, the Agreement only after the deadline to amend had passed. Doc. 67, Mot. to Amend, 4–5. Specifically, Cory points to emails from Plaintiff Tammy O'Connor obtained on January 19, 2018 and information obtained during Defendant Greg Furst's deposition on February 6, 2018 that indicate Plaintiffs were aware of the Agreement prior to its execution. *Id.*; *see also id.* at 4 n.3. Plaintiffs argue that Cory obtained this information after the deadline only because he was not diligent in pursuing his claims. Doc. 83, Resp., 11–12.

Courts have found a movant's explanation for failure to timely move sufficient when the information necessary to assert the new claims was discovered after the deadline to amend. *Clapper v. Am. Realty Inv'rs Inc.*, No. 3:14-cv-2970-D, 2017 WL 978098, at *3 (N.D. Tex. Mar. 14, 2017); *Leaders Inst. LLC v. Jackson*, No. 3:14-cv-3572-B, 2016 WL 4179371, at *3 (N.D. Tex. Aug. 8, 2016). And though Plaintiffs are correct that a movant must be diligent in pursuing his new claims, *Forge*, 2004 WL 1243151 at *2, the Court finds Cory was sufficiently diligent in this case.

Plaintiffs began investigating their claims in 2015 by ordering pre-suit discovery in Texas state court pursuant to Texas Rule of Civil Procedure 202. Doc. 81, Resp., 5. The O'Connor emails upon which Cory relies as a basis to amend his pleadings were produced by Atherio during Rule 202 discovery. *Id.* After Plaintiffs filed suit in this Court in June 2016, Cory requested the Rule 202 discovery documents from Atherio, but Cory and Plaintiffs agree that Atherio never produced the documents. *Id.* at 12; Doc. 67, Mot. to Amend, 3. Plaintiffs argue that Cory should have been more persistent in obtaining the Rule 202 discovery and that neither the discovery stay in this case nor Cory's financial difficulties after the stay was lifted adequately explain his counsel's lack of

persistence. Doc. 81, Resp., 2. But Cory alleges that shortly after suit was filed he also requested the Rule 202 discovery documents from Plaintiffs. Doc. 83, Reply, 3. Plaintiffs provided a number of documents but Cory claims that none of the those documents were the ones produced during Rule 202 discovery. *Id.* Having never seen the Rule 202 discovery, Cory was unaware that Plaintiffs' production was incomplete until a discussion with Plaintiffs on January 19, 2018. *Id.* at 3–4. At that point, Cory again requested, and this time received, the Rule 202 discovery documents from Atherio that included the O'Connor emails. *Id.*

The Court finds that Cory was sufficiently diligent in pursuing his claims. Because Cory received documents from Plaintiffs in October 2016 that he believed included the Rule 202 discovery documents, there was no reason for him to take further action regarding those documents before, during, or after the discovery stay. Further, Cory's proposed amended pleadings are also based on information obtained during Defendant Furst's deposition in February 2018. Doc. 67, Mot. to Amend, 4. Plaintiffs do not contend that Cory was neglectful in scheduling Furst's deposition. Thus, because Corby obtained the information necessary to assert his defense and counterclaim only after the deadline passed, this factor weighs in Cory's favor.

   *B.*  *Rule 16 Factor Two: Importance of the Amendment*

Cory argues the release defense and breach-of-contract counterclaim are important because they "could be dispositive of the litigation against him" and because, without his counterclaim, he would have no remedy for Plaintiffs' alleged breach of the Agreement. *Id.* at 9. Plaintiffs respond that Cory's proposed amendments cannot be important because they are futile. Doc. 81, Resp., 10–11.The Court agrees with Cory.

Cory alleges that Plaintiffs agreed to release Cory from the claims underlying this suit. Doc. 67, Mot. to Amend, 2. If true, Cory's release defense bars Plaintiffs' claims against him and would thus be dispositive. And if Cory is not allowed to assert his breach-of-contract counterclaim, he will have no remedy in this suit for Plaintiffs' alleged breach of the Agreement. Nor are his claims necessarily futile. Plaintiffs argue Cory's defense and counterclaim are futile because the Agreement requires Cory to indemnify Plaintiffs against damages resulting from the type of actions underlying Plaintiffs' claims. Doc. 81, Resp., 10–11. But Cory contends that the indemnification provision applies only to claims brought by third parties. Doc. 83, Reply, 4–5. If Cory is correct, the indemnification provision would be irrelevant to this suit, so Cory's release defense and breach-of-contract counterclaims would not be futile.

  C. *Rule 16 Factors Three and Four: Potential Prejudice and the Availability of a Continuance*

Cory argues his proposed amendments will not prejudice Plaintiffs because of the ample time left under the scheduling order to prepare for trial and because Plaintiffs are already aware of his new claims; indeed, Plaintiffs addressed Cory's release defense in their motion for summary judgment. Doc. 67, Mot. to Amend, 9–10. Plaintiffs argue that they will be prejudiced because the new claims will render future scheduling deadlines unworkable and frustrate progress in this case, particularly by undermining their "right to prevail on a motion for summary judgment." Doc. 81, Resp., 15. Plaintiffs also argue that a continuance would not cure potential prejudice because it would require resetting past deadlines and increase litigation costs. *Id*. at 16.

Plaintiffs' argument about imminent scheduling deadlines is largely moot because the Court recently partially granted Defendants' joint motion to modify the scheduling order. Doc. 100, Order. The Court refused to extend past deadlines but agreed to extend other pretrial deadlines, including

the deadlines to complete mediation and discovery, as well as the trial setting. *Id.* at 6–7. The mediation deadline is now July 27, 2018; the discovery deadline is August 28, 2018; and trial is set for January 7, 2019. *Id.* at 7. Given these extensions, the Court finds that allowing Cory to amend his pleadings will not create unworkable deadlines, frustrate the progress of the case, or required resetting past deadlines. Nor will it necessarily impact Plaintiffs' motion for summary judgment because the parties addressed the release defense in their summary-judgment briefing. Finally, though allowing Cory to amend his pleadings may increase litigation costs for both parties, the Court does not consider this prospect unduly prejudicial. Thus, the Court finds Rule 16 factors three and four weigh in Cory's favor.

D. *Rule 15*

Because the Court finds that good cause exists under Rule 16 to allow Cory to amend his pleadings, the Court must now determine whether the amendments should be allowed under Rule 15's more liberal standard. *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4. The Court finds that Cory has met the Rule 15 standard because there is no indiction of "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed." *Hinds*, 2003 WL 21350210, at *3. And as explained above, the proposed amendments are not futile and would not cause undue prejudice.

## IV.

## CONCLUSION

For the foregoing reasons, Jason Cory's Motion for Leave to Amend Pleadings is **GRANTED** Doc. 67. The Clerk of Court is requested to enter Mr. Cory's Amended Pleading, Doc. 67-1, Ex. B, as a separate docket entry.

SO ORDERED.

SIGNED: May 2, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE