UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TAMMY O'CONNOR and MICHAEL STEWART, | § | |
|---|---|---|
| Plaintiffs, | § § § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-01731-B |
| ATHERIO, INC., JASON CORY, THOMAS FARB, GREG FURST, and MARK DINKEL, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs sold their company to the defendants' company. A purchasing agreement memorialized the transaction. The plaintiffs have now brought securities-fraud claims against the defendants based on statements not contained in the purchasing agreement. The defendants respond in part that the purchase agreement expressly states that the plaintiffs relied only on representations contained in the agreement and therefore that the plaintiffs cannot base a fraud claim on extracontractual representations. The plaintiffs have now moved for partial summary judgment on the defendants' disclaimer-of-reliance defense, contending that another provision of the contract allows them to bring the current claims. The Court disagrees with the plaintiffs' interpretation of the contract and therefore **DENIES** their motion.

# I.

# BACKGROUND

A.   *Factual History*[1]

The plaintiffs memorialized their agreement to sell their company to Atherio, Inc.[2] (Atherio), the defendants' company, in a written purchase agreement. Doc. 63-2, Pl. Summ. J. App., 20–84. The agreement contains two provisions relevant to this motion. First, the parties promised that, when entering the agreement, they relied only on representations in the agreement. *Id.* at 61. This disclaimer-of-reliance provision states,

> Each Contributor hereby acknowledges and agrees that the representations and warranties of the Acquirer contained in this Agreement represent all of the representations and warranties made by it as part of the transactions contemplated hereby and that neither Contributor nor any person claiming through any Contributor is relying on any other representations or warranties (express or implied) in making its decision to consummate these transactions.

*Id.* Second, the parties preserved the plaintiffs' right to bring fraud claims against the defendants. *Id.* This so-called fraud carve out states, "Acquirer agrees that nothing contained in this Section 3.28 or elsewhere in this Agreement shall limit the Contributors' right to bring claims for actual fraud (including those based in violation of applicable securities laws)." *Id.*

The plaintiffs claim that, before they signed the agreement, the defendants lied to them and that they relied on the defendants' pre-purchase-agreement lies when they decided to sell their company to Atherio. Doc. 63-1, Pl. Summ. J. Br., 2–3.

---

[1] This factual history is drawn from the summary-judgment evidence.

[2] The plaintiffs dismissed Atherio, Inc. Doc. 37, Am. Compl.

*B.     Procedural History*

The plaintiffs allege in this suit that the defendants committed securities fraud. Doc. 37, Am. Compl., ¶¶ 284–347. Each defendant pleaded, among other things, a disclaimer-of-reliance affirmative defense based on the purchase agreement's disclaimer-of-reliance clause. Doc. 46, Cory's Answer, ¶ 350; Doc. 47, Furst & Farb's Answer, 36, ¶ 7; Doc. 48, Dinkel's Answer, 38, ¶ 7. The plaintiffs have now moved for summary judgment on the defendants' disclaimer-of-reliance defense. Doc. 63, Pl. Mot. Summ. J. Their motion is ripe for review.

## II.

## LEGAL STANDARD

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, no facts are in dispute.

## III.

## ANALYSIS

The plaintiffs contend that the Court should grant their motion for partial summary judgment because the contract's fraud carve out preserves their right to bring their securities-fraud claims. Doc. 63-1, Pl. Summ. J. Br., 1. The defendants respond that the disclaimer-of-reliance provision allows the plaintiffs to bring fraud claims based only on representations in the purchase agreement. Doc. 95, Cory's Summ. J. Resp. Br., 7.

The Court agrees with the defendants. The plaintiffs clearly disclaimed reliance on

extracontractual representations, Doc. 63-2, Pl. Summ. J. App., 61, and Delaware[3] courts give effect to clear disclaimer-of-reliance clauses like this one, *see, e.g., Prairie Cap. III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 34–35 (Del. Ch. 2015) ("Delaware law enforces clauses that identify the specific information on which a party has relied and which foreclose reliance on other information."); *Novipax Holdings LLC v. Sealed Air Corp.*, No. N17C-03-1682, 2017 Del. Super. LEXIS 605, at *32 (Del. Super. Ct. Nov. 28, 2017) ("[T]he Court finds that the parties preserved a fraud claim . . . but limited that fraud claim through the non-reliance provisions."). Thus, unless some other provision of the contract excepts the plaintiffs' current claim from the disclaimer-of-reliance clause, the Court finds no grounds for granting the plaintiffs' motion.

The plaintiffs are incorrect that the fraud carve out preserves their right to bring fraud claims based on extracontractual misrepresentations. Delaware courts have harmonized disclaimer-of-reliance clauses with fraud carve outs by interpreting disclaimer-of-reliance clauses as limiting accompanying fraud carve outs by preventing parties from bringing fraud claims based on extracontractual representations. *Novipax*, 2017 Del. Super. LEXIS, at *32.

The plaintiffs propose an alternative way to harmonize the two provisions. They ask the Court to interpret the fraud carve out to permit all actual fraud claims, including those based on extracontractual misrepresentations. Doc. 101, Pl. Summ. J. Reply, 7. The disclaimer-of-reliance still has meaning under their interpretation, they contend, because the disclaimer-of-reliance provision would still limit fraud claims other than those for actual fraud. *Id.* at 7–8. But because Delaware courts have endorsed the defendants' interpretation, the Court rejects the plaintiffs' interpretation.

---

[3] The parties agree that Delaware law applies.

## IV.

## CONCLUSION

The Court **DENIES** the plaintiffs' motion for partial summary judgment. Moreover, because the Court has determined that the purchase agreement bars the plaintiffs claims as a matter of law, the Court **GRANTS** summary judgment in the defendants' favor. *See* Fed. R. Civ. P. 56(f)(1) (authorizing Court to grant summary judgment in favor of nonmovant so long as the Court gives the opposing party notice and the opportunity to respond). In accordance with Rule 56(f), the Court **ORDERS** the plaintiffs to file a response within thirty days containing any reason why the Court should not grant summary judgment in favor of the defendants given that the Court has rejected the plaintiffs' interpretation of the purchase agreement.[4]

**SO ORDERED.**

**SIGNED: June 7, 2018**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] The plaintiffs moved for summary judgment also on Cory's affirmative defense that the plaintiffs released him from liability. Doc. 63-1, Mot. Summ. J. Br., 7. But because granting summary judgment in the defendants' favor on the defendants' disclaimer-of-reliance defense resolves all of the plaintiffs' claims, the Court need not rule on Cory's release affirmative defense.