UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY O'CONNOR and MICHAEL STEWART, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1731-B |
| JASON CORY, THOMAS FARB, and GREG FURST, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs ask this Court for leave to reopen Defendants' depositions to question them on Defendant Jason Cory's recently added affirmative defense. The Court allowed Cory to amend his answer on May 2, 2018. Cory's amended answer asserts that Plaintiffs' claims are barred because Plaintiffs released any claims against Cory in a release agreement. Plaintiffs want the opportunity to question Defendants about the release and the facts surrounding it. Because Plaintiffs meet their burden of showing good cause exists to re-depose Defendants, the Court **GRANTS** Plaintiffs' Motion for Leave to Reopen Depositions (Doc. 108).

I.

BACKGROUND

This is a securities-fraud case where Plaintiffs allege Defendants misrepresented and omitted material information in connection with the sale of Plaintiffs' company. Some time after the sale, Defendant Jason Cory and Atherio, Inc. entered into an Omnibus Compromise and Release

Agreement (the "Release") under which Cory's employment with Atherio would end. Doc. 116, Def. Cory's Resp., 2. The Release states: "Atherio, any Affiliate of Atherio, and any Atherio Party hereby release, remise, and forever discharge Cory and the Cory parties from any and all rights, claims, demands, Actions, causes of action . . ." Atherio or its affiliates have or may have against Cory. Doc. 67, Def. Cory's Mot. for Leave to Am. Pleadings, 5. Cory argues that Plaintiffs are bound by this Release and thus their claims are barred. Doc. 103, Def. Cory's Am. Answer, ¶ 531.

Plaintiffs deposed Defendants Greg Furst, Thomas Farb, and Jason Cory from February 6 to February 8, 2018. Doc. 108, Pls.' Mot. for Leave, 1. During those dates, Defendants did not assert a defense related to the Release in their pleadings. *Id.*; *see also* Doc. 46, Def. Cory's Am. Answer; Doc. 47, Defs. Farb & Furst's Am. Answer. Shortly after the depositions, on February 28, 2018, Cory requested leave of Court to amend his answer to include a new affirmative defense based on the Release. Doc. 67, Def. Cory's Mot. to Amend. This Court granted Cory leave to amend on May 2, 2018, Doc. 102, Order, and he filed his amended answer that same day. Doc. 103, Cory's Am. Answer.

One month later, Plaintiffs requested leave to reopen the depositions of Defendants taken back in February. Doc. 108, Mot. to Reopen. Plaintiffs argue they did not know about Cory's new defense—or its factual and legal bases—before the depositions. *Id.* at 2. Defendants filed separate responses. Docs. 116 & 117. Cory argues that Plaintiffs have not shown "good cause" for why his deposition should be reopened because Plaintiffs knew about the Release and knew about Cory's intent to use it as a defense before they deposed him. Doc. 116, Cory's Resp., 3. In other words, Cory argues Plaintiffs' lack of diligence in questioning Defendants about the potential defense in the first round of depositions bars them from retaking his deposition. *Id.* at 6. Defendants Farb and Furst

argue that reopening of oral depositions would be unduly burdensome and that written discovery requests would suffice. Doc. 117, Defs. Farb & Furst's Resp., 5–6.

It does seem that Plaintiffs had some notice of the Release's existence before the Defendants' depositions. First, Cory's original answer in this case asserted the Release as an affirmative defense. Doc. 9, Def. Cory's Answer, ¶ 112. But after a letter from Plaintiffs' counsel claiming Plaintiffs were not bound by the Release because they had no knowledge of it, Cory removed the defense from his first amended answer. *See* Doc. 13, Cory's First Am. Answer; Doc. 121, Pls.' Reply, 4. Later, around the time Plaintiffs took the depositions of Farb and Furst, Cory discovered evidence that Plaintiffs may have knew about the Release when it was entered into. Doc. 116, Cory's Resp., 3. After Furst's deposition on February 6, 2018, Cory's counsel told Plaintiffs' counsel that Cory was contemplating reasserting the Release as a defense. *Id.* Two days later, Plaintiffs deposed Cory. *Id.* Plaintiffs' counsel referenced the Release a few times during that deposition; but none of the questions dealt with the Release as it would be used as a defense. *See* Doc. 116-1, Def. App., 8–9 (Deposition of Jason Cory). Defendants assert this shows a lack of diligence on the Plaintiffs' part because they had sufficient notice of the Release's existence at this time and could have questioned Cory about it, but chose not to. In response, Plaintiffs argue that even though Cory's counsel may have stated her intent to reassert the defense, Cory's answer had not yet been amended and, more importantly, Plaintiffs had no notice of the underlying legal or factual theories of the defense. Doc. 121, Pls.' Reply, 5.

## II.

## ANALYSIS

Unless both parties stipulate otherwise, a party seeking to reopen the deposition of a witness that has already been deposed in the case must obtain leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii).

A court must grant leave to the extent it is consistent with Rules 26(b)(1) and (b)(2). *Id.* Rule 26(b)(1) provides that the scope of discovery should be limited to, among other things, "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 (b)(2) requires a court to limit the frequency and extent of discovery if it finds that "(1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1)(C). Thus, some courts have denied leave to take a second depositions where a party lacked diligence in obtaining information before the initial deposition. *Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (citing *Fresenius Med. Care Holdings, Inc. v. Roxane*, 2007 WL 754302, at *2 (S.D. Ohio March 9, 2007)).

Relatedly, Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Before extending the duration of depositions, a court must be satisfied that the moving party has shown "good cause." *Kleppinger*, 283 F.R.D. at 333; *see also* Fed. R. Civ. P. 30(d)(1) advisory committee's notes, 2000 Amendments. Similar to Rule 30(a)(2), Rule 30(d)(1) states that a court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." Fed. R. Civ. P. 30(d)(1).

Courts have allowed parties to reopen depositions when "new information comes to light" that creates the need for further questioning. *Kleppinger*, 283 F.R.D. at 333. "New information" can include the addition of new parties to the case, the addition of new allegations to the pleadings, and the production of new documents. *Id.* at 333 n.3 (collecting cases). If a deposition is reopened

because of newly discovered information, the court should limit the deposition to questions related to this information. *Id.* (citing *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)).

Here, the Court will grant Plaintiffs leave to reopen Defendants' depositions. Defendant Cory's amended answer asserts a new affirmative defense under the Release that could work as an absolute bar to Plaintiffs' claims. Doc. 103, Def. Cory's Am. Answer, ¶ 351; *see also Kress v. Price Waterhouse Coopers*, 2011 WL 5241852, at *1 (E.D. Cal. Nov. 1, 2011) ("'Good cause' for an order [allowing reopening of depositions] exists where new claims or defenses have been added."). This defense was not asserted at the time Plaintiffs took Defendants' depositions. Doc. 108, Pls.' Mot. to Reopen, 2. While, as noted above, Plaintiffs may have been aware that the Release existed and that Defendants' counsel was considering adding it to Cory's answer, Plaintiffs were not aware of the factual allegations related to the defense or the legal theory under which the defense was brought. *Id.*

To further elaborate, Cory asserts in his amended answer that Plaintiffs are bound by the Release entered into by Cory and Atherio, Inc. because Atherio had "actual and apparent authority" to bind its shareholders, including Plaintiffs, to such an agreement. Doc. 103, Cory's Am. Answer, ¶ 351. Cory relies on a few pieces of documentary and testimonial evidence to support his claim that Plaintiffs were aware of the Release and thus agreed to be bound by it. *See id.* There is no indication that Plaintiffs were aware of this evidence or of the allegations related to agency law Cory uses to support his Release defense. Indeed, when Cory originally asserted the Release as a defense, he did not support it with any evidence (aside from the Release itself) and did not argue in terms of agency principles. Doc. 9, Def. Cory's Answer, ¶ 112.

The Court thus finds that, consistent with Rule 26(b)(1) and (b)(2), Plaintiffs have shown

good cause to warrant reopening the depositions of Defendants. Additional depositions would not be cumulative or duplicative as Plaintiffs have agreed to limit the scope of these depositions to Cory's Release defense. Doc. 121, Pls.' Reply, 2. Moreover, Plaintiffs did not have the opportunity to question Defendants on the Release; it was not plead when Plaintiffs took Defendants' depositions and Plaintiffs were unaware of the factual and legal support for the defense. Finally, as noted, the discovery sought is within the scope of Rule 26(b)(1) because it pertains to a nonprivileged matter that is relevant to Cory's defense.

Because the burden and expense of additional depositions is not small, the Court will grant leave to reopen depositions with limitations. First, the scope of questioning is restricted to Cory's Release defense, and the factual and legal underpinnings of the defense. Second, Plaintiffs are permitted no more than two additional hours of deposition time per Defendant. Third, the Court grants Plaintiffs leave to depose Defendants Cory and Furst, but not Defendant Farb. Farb has asserted—and Plaintiffs have not disputed—that he was not an employee when the Release Agreement was entered into. Doc. 117, Defs. Farb & Furst's Resp., 5–6. The Court finds that deposing Farb is not proportional to the needs of this case and that the burden of redeposing him outweighs the potential benefit. However, the Court will grant Plaintiffs leave to serve Farb with a limited number of written discovery requests related to Cory's Release defense. Finally, the Court will require Plaintiffs to travel to a location that is both convenient for Defendants and within reason for all parties to take their depositions. The parties will bear their own costs associated with taking these depositions.

## III.

## CONCLUSION

After considering Plaintiffs' Motion for Leave to Re-Open Depositions (Doc. 108), Defendant Cory's Response (Doc. 116) and Defendants Farb and Furst's Response (Doc. 117), and Plaintiffs' Reply (Doc. 121), the Court **GRANTS** Plaintiffs' motion (Doc. 108). Plaintiffs shall notice and take the depositions of Greg Furst and Jason Cory no later than **four (4) weeks** from the date of this order or **November 16, 2018**. The scope, duration, and location of these depositions shall be limited as the Court has specified above. The Court **DENIES** Plaintiffs' motion with respect to reopening the deposition of Thomas Farb. However, the Court will **GRANT** Plaintiffs leave to serve Farb with no more than **five (5)** written discovery requests related to the Release.

**SO ORDERED**.

**SIGNED: October 16, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE