UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY O'CONNOR and MICHAEL STEWART, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1731-B |
| JASON CORY, THOMAS FARB, and GREG FURST, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Jason Cory's Motion for Leave to Amend Pleadings and Brief in Support (Doc. 135). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

### I.

### BACKGROUND

In June 2016, Plaintiffs filed suit alleging Defendants committed fraud in connection with the sale of their company. Doc. 1, Pls.' Compl. The scheduling order in this case set December 28, 2017, as the deadline to amend pleadings. Doc. 100, Order. For the second time since this deadline has past, Defendant Jason Cory has moved for leave to amend his answer. Doc. 135, Def.'s Mot. for Leave; *see* Doc. 67, Def.'s First Mot. to Amend. In this second motion, Cory seeks to add a statute-of-limitations defense and a contractual-limitations defense to his answer. Doc. 135, Def.'s Mot. for Leave, 1. Cory alleges that information he discovered during the Plaintiffs' depositions—which took

- 1 -

place July 9–10, 2018, after the pleading deadline expired—indicates that Plaintiffs discovered the facts underlying their fraud claims outside of the statute-of-limitations period. *Id.* at 9. Cory further alleges that Plaintiffs have made new allegations in their summary-judgment briefing, which should be barred by a contractual-limitations period. *Id.* at 11–12.

## II.

## LEGAL STANDARD

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order should not be modified unless there is a showing of good cause. Fed. R. Civ. P. 16(b)(4).

Fifth Circuit courts consider four factors to determine whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., L.L.C.*, 315 F.3d at 536 (quotations and alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline and the absence of prejudice to the opposing side are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).

If a party establishes good cause under Rule 16, the Court then considers whether the amendment should be allowed under Rule 15's more liberal standard. *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4. Rule 15 provides the Court discretion to grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Mkts., L.L.C.*, 2003 WL 21350210, at *3 (N.D. Tex. June 10, 2003). "In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

## III.

## ANALYSIS

Because Cory filed his motion to amend after the Court entered a scheduling order and the deadline to file amended pleadings passed, the Court first considers each Rule 16 factor to determine whether Cory has established good cause, and then whether the amendment should be allowed under Rule 15. The Court will conduct separate analyses for each of Cory's proposed amendments.

A. *Statute-of-Limitations Defense*

i. <u>Rule 16 Factor One: Explanation for Failure to Timely Move</u>

Cory claims he did not include a statute-of-limitations defense in his answer prior to the December 28, 2017 deadline because he did not discover the facts needed for this defense until the Plaintiffs' depositions, which occurred on July 9 and 10 of 2018. Doc. 135, Def.'s Mot. for Leave, 9. In their Complaint, Plaintiffs allege that Cory committed federal securities fraud by concealing

Thomas Farb's resignation as the Chief Financial Officer of Atherio, Inc. Doc. 37, Pls.' Second Am. Compl., ¶¶ 289–91. Cory alleges that Plaintiffs revealed, during their depositions and for the first time, that they discovered Farb had resigned as CFO sometime in 2013. Doc. 135, Def.'s Mot. for Leave, 6.[1]

Because Plaintiffs filed their complaint in June 2016, any federal securities fraud claim based on facts learned in 2013 could be barred by the statute's two-year limitations period. *See* 28 U.S.C. § 1658(b)(1). Cory argues that he had no basis to assert this defense until Plaintiffs were deposed, and thus, he could not have amended his answer before the December 28, 2017 deadline.

In their Response, Plaintiffs do not address Cory's argument that the first opportunity he had to learn of the facts underlying his statute-of-limitations defense was at Plaintiffs' depositions. *See* Doc. 146, Pls.' Resp., 7–8. But Plaintiffs do take issue with Cory's delay in requesting leave to amend after the depositions were over—the depositions ended on July 10, 2018, but Cory did not move for leave until September 11, 2018, which was also after the discovery period closed. *Id.* at 8. Plaintiffs thus argue that Cory was not diligent because of the sixty-three-day delay in moving for leave to amend. *Id.*

Courts have found a movant's explanation for failure to timely move sufficient when the information necessary to assert the new claims was discovered after the deadline to amend. *Clapper v. Am. Realty Investors Inc.*, 2017 WL 978098, at *3 (N.D. Tex. Mar. 14, 2017); *Leaders Inst. LLC v. Jackson*, 2016 WL 4179371, at *3 (N.D. Tex. Aug. 8, 2016). And while Plaintiffs assert that Cory

---

[1] Cory also seeks to assert the statute of limitations against Plaintiffs' claims based on representations outside the purchase agreement. But, because the Court disposed of such claims in its 56(f) summary-judgment order, Doc. 152, Order, the Court denies Cory's motion as moot with respect these extracontractual representations.

was not diligent in asserting this new defense because of the delay in filing his motion after Plaintiffs' depositions, the diligence required is with respect to meeting the scheduling order deadline to amend. *See Leaders Inst.*, 2016 WL 4179371, at *1 ("one must show that despite his diligence, he could not have reasonably met the scheduling deadline.") (internal quotations omitted). Because it seems Cory was diligent in taking Plaintiffs' depositions and Plaintiffs do not assert that he previously knew of the facts underlying this defense, the Court finds that this first factor weighs in Cory's favor.

### ii. Rule 16 Factor Two: Importance of Amendment

Cory argues that his statute-of-limitations defense is important because it is potentially dispositive of Plaintiffs' federal securities claim. Doc. 135, Def.'s Mot. for Leave, 12–13. Plaintiffs respond that the defense is unimportant because it applies only to the federal securities claim and will not resolve the entire case. Doc. 146, Pls.' Resp., 9. But Plaintiffs do not cite, and the Court does not find, any authority that requires an amendment to dispose of the entire case for it to be important. This factor weighs in Cory's favor as well.

### iii. Rule 16 Factors Three and Four: Potential Prejudice and Availability of a Continuance

Cory claims the addition of this defense will not prejudice Plaintiffs because his lawyer informed Plaintiffs' counsel during Plaintiffs' depositions that Cory intended to assert this defense and that no additional discovery is needed to respond to this defense. Doc. 135, Def.'s Mot. for Leave, 13. Cory also argues that Plaintiffs will not be prejudiced to respond to this argument before trial because it is briefed in Cory's motion for summary judgment. *See id.* In response, Plaintiffs assert they will be prejudiced if Cory is permitted to amend his answer because the discovery period has closed, and Defendants filed their dispositive motions. Doc. 146, Pls.' Resp., 9–10. But, as Cory

points out in his Reply, Plaintiffs do not assert what additional discovery they would need to respond to this defense. Doc. 147, Def.'s Reply, 5. And Plaintiffs have had ample time to respond to it as it seems they were aware of it as early as their own depositions in July. Doc. 135, Def.'s Mot. for Leave, 13. Moreover, Cory briefed the issue in his motion for summary judgment, Doc. 144, Def.'s Mot. for Summ. J., 42–43, and Plaintiffs have responded to it. Doc. 156, Pls.' Resp., 53–54. Thus, the Court finds that the prejudice to Plaintiffs would be minimal.

Finally, the Court finds the fourth factor to carry little weight here. Trial is currently set for January 7, 2019, a little less than three months away. Doc. 100, Order, 7. As Plaintiffs have not shown what discovery would be necessary or why they would be unable to respond to this defense before the trial date, the Court sees no need for a continuance. Thus, the Court finds the fourth factor to be neutral.[2]

### iv. Rule 15

Because the Court finds, after a holistic consideration of the Rule 16 factors, that good cause exists to allow Cory to amend his answer to include the statute-of-limitations defense, the Court must now determine whether the amendment should be allowed under Rule 15's more liberal standard. *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4. The Court finds that Cory has met the Rule 15 standard because there is no indiction of "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed." *Hinds*,

---

[2] Plaintiffs cite to a previous order from this Court to argue that they would be prejudiced by a modification of the scheduling order here. *See* Doc. 146, Pls.' Resp., 10 (citing Doc. 100, Order, 5). But that Order dealt with Defendants' request to significantly extend a host of deadlines in the scheduling order by sixth months. Doc. 100, Order, 1–2. That is not the case here, as Cory seeks only one deadline modification, which should not "significantly extend the litigation." *Id.* at 5.

2003 WL 21350210, at *3. And as explained above, the proposed amendment is not futile and would not cause undue prejudice. *See id.* Thus, the Court **GRANTS** Cory leave to amend his answer to include the statute-of-limitations defense.

    B.    *Contractual-Limitations Defense*

        i.    Rule 16 Factors

The second defense Cory seeks to include in his amended answer is a contractual defense based on the purchase agreement at the center of this case. Doc. 135, Mot. for Leave, 11. Plaintiffs' fraud claims are, in part, based on a representation Defendants made in § 4.6 of the agreement. Doc. 37, Pls.' Second Am. Compl., ¶¶ 253–65. Cory asserts that the basis for this claim was not adequately pleaded in Plaintiffs' Complaint and that Plaintiffs have asserted it for the first time in summary-judgment briefing. Doc. 135, Def.'s Mot. for Leave, 11. Thus, Cory claims, he did not learn of this "new claim" until July 9, 2018, when Plaintiffs filed their summary-judgment brief in response to this Court's Rule 56(f) Order (Doc. 109). Doc. 118, Pls.' Resp., 17–19. Cory claims that this "new" theory for their fraud claims should be barred by the limitations period in the agreement. Doc. 135, Def.'s Mot. for Leave, 12 (citing § 9.1 of the agreement).

Plaintiffs, in response, argue that (1) Cory was or should have been aware of the contractual limitations provision as early as February 6, 2017, based on a letter Plaintiffs' counsel sent to Cory's counsel and that (2) Cory knew of Plaintiffs' allegations relating to § 4.6 of the agreement because they are detailed in their Second Amended Complaint, which was filed on September 22, 2017. Doc. 146, Pls.' Reply, 6–7. In his Reply, Cory does not address Plaintiffs' first argument, but Cory responds to the second by claiming that Plaintiffs' allegations in their complaint were insufficient to put Cory

on notice because they were included in the "Facts" section instead of the "Causes of Action" section. Doc. 147, Def.'s Reply, 2.

The Court finds that Cory was not diligent in pursuing this defense. In their Second Amended Complaint, Plaintiffs detail, in over a dozen paragraphs, the specific representations Defendants made in § 4.6 of the agreement and how these representations were false, material, and relied upon to Plaintiffs' detriment. Doc. 37, Pls.' Second Am. Compl., ¶¶ 253–65. Plaintiffs filed this Second Amended Complaint three months before the pleading deadline, and Cory's actions during the discovery period betray his knowledge that Plaintiffs' claims were based on violations of this section of the agreement. *See* Doc. 146, Pls.' Resp., 7 n.2 (noting that Farb was deposed about § 4.6 and other facts related to his resignation and that Defendants have designated experts to testify about the accounting representations made in § 4.6). Further, Cory does not dispute that he had notice of the contractual-limitations provision he now relies on well before the pleading deadline expired. *See* Doc. 146-2, Pls.' App., 84 (letter to Cory's counsel dated Feb. 6, 2017, citing to the exact provision Cory now wishes to assert); *see also Ruiz v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 291 F.R.D. 170, 172 (S.D. Tex. 2013) (collecting cases where courts in the Fifth Circuit "have held that if a [party] was previously aware of the factual underpinnings of the claim she seeks to assert beyond the time allowed by a scheduling order, leave to amend is improper").

Diligence in pursing a claim is the "most important factor bearing on the 'good cause' inquiry" under Rule 16. *Allergan, Inc. v. Teva Pharm. USA, Inc.*, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017). Because Cory has not met his burden of showing that he was diligent in pressing this defense, the Court finds good cause to alter the scheduling order is not present. And Cory has not shown that

the other factors under Rule 16 outweigh this deficiency. As such, the Court **DENIES** Cory's request to amend his answer to include the contractual-limitations defense.

IV.

CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant Jason Cory's Motion for Leave to Amend Pleadings and Brief in Support (Doc. 135). Should Cory choose to amend his pleadings, he must do so by **November 15, 2018**. Under Rule 15(a)(3), Plaintiffs will have 14 days to answer.

Because the parties have briefed the statute-of-limitations defense in their summary-judgment motions, Docs. 140, 142, & 156, the Court will not order the parties to refile their motions. If the parties wish to file supplemental briefing on this limited issue, they shall request leave to do so. *See* N.D. Tex. Local Civ. R. 56.7.

**SO ORDERED.**

**SIGNED: November 8, 2018**

_____
**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**